1   ISMAIL J. RAMSEY (CABN 189820)
    United States Attorney
2   MICHELLE LO (NYRN 4325163)
    Chief, Civil Division
3   MOLLY A. FRIEND (CABN 289677)
    Assistant United States Attorney
4
        450 Golden Gate Avenue, Box 36055
5       San Francisco, California 94102-3495
        Telephone: (415) 436-7177
6       FAX: (415) 436-6570
        molly.friend@usdoj.gov
7
    *Attorneys for the United States of America*
8
                    UNITED STATES DISTRICT COURT
9
                    NORTHERN DISTRICT OF CALIFORNIA
10
11  IN RE: REQUEST FOR INTERNATIONAL          )   MISC. NO. 3:23-MC-80214-WHO
    JUDICIAL ASSISTANCE FROM THE              )
12  NATIONAL COURT OF FIRST INSTANCE          )
    OF LABOR NO. 5 IN BUENOS AIRES,           )   MEMORANDUM IN SUPPORT OF EX PARTE
13  ARGENTINA IN CARMEN VERONICA              )   APPLICATION FOR ORDER PURSUANT TO 28
    MAXIOTTA V. MATIZ S.A.                    )   U.S.C. § 1782
14                                            )
                                              )
15                                            )
                                              )
16  _____  )

17

18

19

20

21

22

23

24

25

26

27

28

MEMORANDUM IN SUPPORT OF EX PARTE APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. § 1782

The United States of America, by its counsel, Ismail J. Ramsey, United States Attorney for the Northern District of California, and Molly A. Friend, Assistant United States Attorney, submits this Memorandum of Law in support of the *Ex Parte* Application for an Order,[1] pursuant to 28 U.S.C. § 1782, to execute a Letter of Request from judicial authorities in Buenos Aires, Argentina for international judicial assistance to obtain certain information and documents from Meta Platforms, Inc. ("Meta").

**INTRODUCTION**

The request for international judicial assistance comes from the National Court of First Instance of Labor No. 5 in Buenos Aires, Argentina (the "Argentine Court"). Specifically, the Court has issued a Letter of Request requesting judicial assistance to obtain information for use in the case captioned *Carmen Veronica Maxiotta v. Matiz S.A.*, Foreign Reference Number 2326/2022. *See* Declaration of Assistant United States Attorney Molly A. Friend, Exhibit 1 (Letter of Request) ("Friend Decl."). The Letter of Request indicates that the matter is a civil labor dispute.

To make its determination, the Argentine Court is requesting information regarding the User ID, email address, date and time of account creation, date and time of account closing, and associated mobile phone numbers of specified Facebook accounts. The Court is also requesting confirmation of the existence of Facebook profiles in the name of Veronica Maxiotta and/or Veronica Maxiotta Laboral, as well as authentication of photos, posts, links, and additional information attached to the Letter of Request.

---

[1] *Gushlak v. Gushlak*, 486 F. App'x 215, 217 (2d Cir. 2012) ("It is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 *ex parte*. The respondent's due process rights are not violated because he can later challenge any discovery request by moving to quash pursuant to Federal Rule of Civil Procedure 45[(d)](3)."); *see also In re Letters Rogatory from Tokyo Dist., Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976) ("Letters Rogatory are customarily received and appropriate action taken with respect thereto ex parte. The witnesses can and have raised objections and exercised their due process rights by motions to quash the subpoenas."); *In re Letter of Request from Supreme Ct. of Hong Kong*, 138 F.R.D. 27, 32 n.6 (S.D.N.Y. 1991) (same); *In re Application of Masters for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding*, 315 F. Supp. 3d 269, 272 (D.D.C. 2018) (presenting application under Section 1782 *ex parte*). While these applications are generally filed *ex parte*, they do not need to be filed under seal. *See, e.g.*, *In re Mutual Assistance of Local Court of Wetzlar, Germany*, 1:17-mc-00078-SKO, 2018 WL 306678, at *3 (E.D. Cal. Jan. 5, 2018) (order denying motion to seal U.S.'s application for *ex parte* order appointing commissioner pursuant to 28 U.S.C. § 1782).

1     The Argentine Court's request was transmitted to the U.S. Department of Justice, Civil Division,

2   Office of Foreign Litigation, Office of International Judicial Assistance in Washington D.C. pursuant to

3   the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, Mar. 18,

4   1970, 23 U.S.T. 2555, 847 U.N.T.S. 12140 [hereinafter Hague Evidence Convention].

5     The request was then transmitted to the U.S. Attorney's Office for the execution in accordance

6   with 28 C.F.R. § 0.49(c). To execute these requests for international judicial assistance, authority must

7   be obtained from this Court.  28 U.S.C. § 1782.

8   **ATTEMPTS TO OBTAIN THE REQUESTED INFORMATION AND META'S**

9   **COOPERATION**

10     On or about June 22, 2023, the U.S. Attorney's Office first wrote to Meta about the Argentine

11   Court's request for international judicial assistance. *See* Friend Decl. ¶ 3.  Meta requested that a

12   subpoena be issued under 28 U.S.C. § 1782. See Friend Decl. ¶ 3.  Meta does not object to the entry of

13   the accompanying Proposed Order as drafted which provides for a narrowed subpoena and allows Meta

14   to provide notice to the affected user(s). *Id.* Meta reserves all rights and objections in responding to the

15   underlying subpoena. After it receives the subpoena, provides notice to the affected user(s), and any

16   objections by Meta or from the affected user(s) are asserted and fully adjudicated in favor of production,

17   Meta is willing to provide the requested information to the U.S. Attorney's Office, provided that the

18   District Court appoints Assistant United States Attorney Molly Friend as Commissioner to issue a

19   United States federal court subpoena for the information. *Id.*

20   **ARGUMENT**

21   **I.     THE HAGUE EVIDENCE CONVENTION**

22     The Hague Evidence Convention affords each signatory nation the use of the judicial process of

23   other signatory nations, where such assistance is needed in civil or commercial matters, "to facilitate the

24   transmission and execution of Letters of Request and to further the accommodation of the different

25   methods which they use for this purpose."  Hague Evidence Convention pmbl.  The Hague Evidence

26   Convention "prescribes certain procedures by which a judicial authority in one contracting state may

27   request evidence located in another contracting state." *Société Nationale Industrielle Aérospatiale v.*

28   *U.S. Dist. Court for the S. Dist. of Iowa*, 482 U.S. 522, 524 (1987). The Hague Evidence Convention is

in force in both the United States and the Argentine Republic.  Hague Conference on Private

International Law, *Status Table for the Convention of 18 March 1970 on the Taking of Evidence Abroad*

*in Civil or Commercial Matters*, available at https://www.hcch.net/en/instruments/conventions/status-

table/?cid=82 (last visited Mar. 17, 2022) (The Hague Evidence Convention entered into force in

Argentina on or around August 7, 1987).

> Article 10 of the Hague Evidence Convention provides that:

>> In executing a Letter of Request the requested authority shall apply the
>> appropriate measures of compulsion in the instances and to the same
>> extent as are provided by its internal law for the execution of orders issued
>> by the authorities of its own country or of requests made by parties in
>> internal proceedings.

Hague Evidence Convention, art. 10.

Furthermore, Article 9 of the Hague Evidence Convention provides, in pertinent part, that: "the

judicial authority which executes a Letter of Request shall apply its own law as to the methods and

procedures to be followed, and that a 'Letter of Request shall be executed expeditiously.'" *Id*. at art. 9.

Under Article VI of the United States Constitution, treaties, such as the Hague Evidence

Convention, are the law of the land, on an equal footing with acts of Congress, and are binding on the

courts. *See Bell v. Clark*, 437 F.2d 200, 203 (4th Cir. 1971); *see also Gandara v. Bennett*, 528 F.3d 823,

830 (11th Cir. 2008) (stating that self-executing treaties are "immediately and directly binding on state

and federal courts pursuant to the Supremacy Clause.") (Roders, J., concurring); *Bishop v. Reno*, 210

F.3d 1295, 1299 (11th Cir. 2000) (concluding that "an Act of Congress" is on "full parity with a

treaty.").

## II.    STATUTORY CONSIDERATIONS WEIGH IN FAVOR OF GRANTING THE UNITED STATES' APPLICATION

The authority for this Court to assist foreign tribunals in obtaining testimony is contained in 28

U.S.C. § 1782. This section states:

> Assistance to foreign and international tribunals and to litigants before such
> tribunals

> (a)  The district court of the district in which a person resides or is found
> may order him to give his testimony or statement or to produce a
> document or other thing for use in a proceeding in a foreign or
> international tribunal, including criminal investigations conducted
> before formal accusation. The order may be made pursuant to a letter

rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

28 U.S.C. § 1782(a); s*ee also Aérospatiale*, 482 U.S. at 529 (providing a brief history of the Hague Evidence Convention).

Section 1782 "is the product of congressional efforts, over the span of 150 years, to provide federal-court assistance in gathering evidence for use in foreign tribunals." *Intel Corp. v. Advanced Micro Devices, Inc*., 542 U.S. 241, 247 (2004). By this law, Congress intended that the United States set an example to other nations by making judicial assistance generously available. *See, e.g., In re Request for Assistance from Ministry of Legal Affairs of Trin. & Tobago*, 848 F.2d 1151, 1153-54 (11th Cir. 1988). District courts have repeatedly appointed Assistant United States Attorneys to act as commissioners pursuant to this provision for the purpose of rendering judicial assistance to foreign courts in response to a request for assistance. *In re Clerici,* 481 F.3d 1324, 1327 (11th Cir. 2007) (affirming a district court's appointment of an Assistant United States Attorney to obtain sworn answers to questions posed in letters rogatory).

This Court is authorized to provide assistance to the Argentine Court if the three requirements set forth in § 1782 are met. Those requirements are: (1) the person or document for which discovery is sought resides or is found in the district; (2) the discovery is for use in a proceeding before a foreign or international tribunal; and (3) the application is made "by a foreign or international tribunal" or "any interested person." *In re: Application Pursuant to 28 U.S.C. § 1782 for an Order Permitting Bayer AG to Take Discovery,* 146 F.3d 188, 193 (3d Cir. 1988); *Schmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F.3d 79, 83 (2d Cir. 2004); *see also S.* Rep. No. 88-1580 at 2 (1964), *reprinted in* 1964 U.S.C.C.A.N. 3783 (providing Congress' general statement regarding the purpose behind the statute);

1    *Intel*, 542 U.S. at 248-49 (providing a brief history of Section 1782 and federal court aid to foreign

2    tribunals).

3        Here, each of these threshold statutory requirements is met. First, Meta "resides or is found in"

4    the Northern District of California, because Meta's corporate offices or headquarters are in Menlo Park,

5    California. Second, the Letter of Request explains that the information sought is "for use in a

6    proceeding before a foreign tribunal" as such information is in regard to a plaintiff in an Argentine

7    proceeding. Third, the Letter of Request itself also reflects that it "is made by a foreign or international

8    tribunal." *Id*.

### III. DISCRETIONARY CONSIDERATIONS WEIGH IN FAVOR OF GRANTING THE UNITED STATES' APPLICATION

11        "[A] district court is not required to grant a § 1782(a) discovery application simply because it has

12    the authority to do so." *See Intel*, 542 U.S. at 264. Indeed, § 1782 "affords the district courts 'wide

13    discretion' in responding to requests for assistance in proceedings before foreign tribunals." *Al Fayed v.*

14    *United States*, 210 F.3d 421, 424 (4th Cir. 2000).[2]

15        The Supreme Court has set forth certain discretionary factors for a district court to consider

16    before granting a request for judicial assistance:

> (1) whether the person from whom discovery is sought is a participant in
> the foreign proceeding; (2) the nature of the foreign tribunal, the character
> of the foreign proceedings, and the receptivity of the foreign entity to
> judicial assistance; (3) whether the request conceals an attempt to
> circumvent foreign proof-gathering restrictions or other policies of a
> foreign country or the United States; and (4) whether the requested
> information is unduly intrusive or burdensome.

21    *Intel*, 542 U.S. at 264-65.

22        "In exercising its discretion under § 1782, the district court should be guided by the statute's

23    twin aims of providing efficient means of assistance to participants in international litigation in our

---

[2] *In re Application for an Order Permitting Metallgesekkschaft AG to take Discovery*, 121 F.3d 77 (2nd Cir. 1997) ("[T]hrough §1782 Congress has seen fit to authorize discovery which, in some cases, would not be available in foreign jurisdictions, as a means of improving assistance by our courts to participants in international litigation and encouraging foreign countries by example to provide similar means of assistance to our courts…. If district courts were free to refuse discovery based on its unavailability in a foreign court or because the foreign court had not first passed on the discoverability of the materials sought, § 1782 would be irrelevant to much international litigation, frustrating its underlying purposes.").

federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts.'" *Al Fayed*, 210 F.3d at 424; *see also United States v. Morris (In re Letter of Request from Amtsgericht Ingolstadt, Fed. Republic of Ger.)*, 82 F.3d 590, 592 (4th Cir. 1996) ("Plainly, the . . . statute envision[s] considerable cooperation with foreign courts' requests for assistance and a general practice of reciprocity."). Here again, each of these discretionary factors weigh in favor of assisting the Argentine Court.

With respect to the first factor, "although this factor was originally expressed as a 'participant' versus 'nonparticipant' analysis under the facts presented in *Intel*, the true question at hand is whether the requested discovery is available to the foreign tribunal without the assistance of this Court." *In re Request for Judicial Assistance from the Dist. Court in Svitavy, Czech,* 748 F. Supp. 2d 522, 526 (E.D. Va. 2010) [hereinafter *In re Svitavy*]; *see also Intel*, 542 U.S. at 264 ("[N]onparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid.").

Meta is not a party to the proceedings and is not subject to the Argentine Court's jurisdiction because it is located in California; thus, the first factor weighs in favor of granting the Application.

Second, there is nothing in the Letter of Request to suggest that this Court should decline to grant the Application based on the nature of the Argentine Court or the character of the proceedings.

Additionally, this request was initiated by the Argentine Court and not by an independent party; therefore, the Argentine Court is clearly receptive to the assistance of this Court and the second factor weighs in favor of granting the motion. *See In re Svitavy*, 748 F. Supp. 2d at 527. *In re Application of Grupo Qumma,* No. M 8-85, 2005 WL 937486 (S.D.N.Y. Apr. 22, 2005) (granting 1782 application, holding that ambiguity about whether the discovery would be permitted in Mexican court is not a relevant factor in determining whether to grant a § 1782 request as that would require federal judges to apply foreign law concepts).

With respect to the third factor, because the requester is the Argentine Court, there is sufficient assurance that the request for judicial assistance is not an attempt to circumvent Argentine discovery rules or to thwart policies of either the United States or the Argentine Republic. *See In re Svitavy*, 748 F. Supp. 2d at 529 ("[T]he fact that the request was initiated by the Svitavy Court itself, rather than a

private litigant, provides sufficient assurance that the request does not attempt to circumvent Czech discovery rules or Czech policy."). Therefore, the third *Intel* factor weighs in favor of granting the Argentine Court's request for judicial assistance.

And with respect to the fourth factor, the Letter of Request seeks information related to Facebook accounts registered to Veronica Maxiotta and/or Veronica Maxiotta Laboral. The information sought is related to the plaintiff in the Argentine proceeding.

Based on the U.S. Attorney's Office's discussions with Meta, it can access and obtain at least some of the requested non-content basic subscriber information. Therefore, the requests would not be unduly intrusive or burdensome when narrowed to a request for non-content basic subscriber information related to the account(s) at issue. *See, e.g., id.* (holding that providing a DNA by buccal swab is not unduly burdensome)*; see also In re Clerici,* 481 F.3d at 1332 (holding that it was the witness's burden to file a motion to limit discovery and as he had not done so, the Court was not going to address the scope of the request).

Additionally, Meta has indicated its willingness to provide the requested evidence once is served with a narrowed subpoena, provides notice to the affected user(s), and any objections by Meta or from the affected user(s) are asserted and fully adjudicated in favor of production. *See* Friend Decl. ¶ 3. Thus, the fourth factor also weighs in favor of granting the request.

In summary, consideration of the four discretionary factors set forth by the Supreme Court in *Intel* favors authorizing judicial assistance to the Argentine Court.

## CONCLUSION

Attached to the Declaration of Assistant United States Attorney Molly A. Friend is the proposed narrowed subpoena that this office intends to serve (in substantially similar format) on Meta should the Court grant the Application pursuant to 28 U.S.C. § 1782. Upon receipt of the production from Meta, the production will be sent to the Department of Justice, Civil Division, Office of International Judicial Assistance for transmission to the Argentine Court.

WHEREFORE, the United States respectfully requests that the Court issue an Order, in the form attached to the Application, appointing Assistant United States Attorney Molly A. Friend Commissioner

MEMORANDUM IN SUPPORT OF EX PARTE APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. § 1782

for the purpose of issuing a narrowed subpoena to execute the request for international judicial assistance.

DATED: November 3, 2023                          Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney

*/s/ Molly A. Friend*
MOLLY A. FRIEND
Assistant United States Attorney